IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN-WATERLOO DIVISION

| | |
|---|---|
| ETHAN LEE PALMER, | |
| Plaintiff, | No. C04-2011-EJM |
| vs. | |
| KERRY DEVINE, JAMES KATCHER, NATHAN CALLAHAN, | INITIAL REVIEW ORDER |
| Defendants. | |

This matter is before the court on the plaintiff's application to proceed *in forma pauperis*. The plaintiff submitted such application on February 18, 2004. Application to proceed *in forma pauperis* granted; complaint dismissed.

Based on the application with certificate of inmate account and assets, *in forma pauperis* status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $5.00 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $150.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

In Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a *habeas corpus* action as opposed to a 42 U.S.C. § 1983 claim. The prisoner's label of his action cannot be controlling. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing Preiser, 411 at 489-90). If a prisoner is challenging the validity of his conviction or the duration of his incarceration and seeking

a determination that he is entitled to immediate or speedier release, a writ of *habeas corpus* is the only federal remedy available. Preiser, 411 U.S. at 500; Otey v. Hopkins, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. Kruger, 77 F.3d at 1073.

In this 42 U.S.C. § 1983 action, the plain language of the complaint demonstrates the plaintiff is challenging the validity of his confinement. The plaintiff indicates officials filed a complaint against him under false pretenses, arrested him without probable cause, lied in the trial information, unreasonably searched the house, maliciously prosecuted him, continue to pursue the case without sufficient evidence and set an unreasonable bond. Based on such conduct, the plaintiff asks the court to drop the case and award monetary damages. The relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action.[1] Thus, the plaintiff's claim under 42 U.S.C. § 1983 shall be dismissed.

Construing the action as a petition for *habeas corpus* relief under 28 U.S.C. § 2254, the plaintiff's claim shall be dismissed for failure to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1). Accordingly, this action shall be dismissed. 28 U.S.C. § 1914; 28 U.S.C. § 1915(e).

It is therefore

ORDERED

1) The plaintiff's application to proceed *in forma pauperis* status is granted.

2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

---

[1] To the extent plaintiff is seeking damages for an unlawful conviction, a 42 U.S.C. § 1983 cause of action does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).

3) The agency having custody of the plaintiff is directed to submit $5.00 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $150.00 filing fee is paid.

4) The plaintiff's complaint is dismissed.

DATED this 29th day of March, 2004.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

3

**TO:** WARDEN/ADMINISTRATOR
Black Hawk County Jail, Waterloo, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Ethan Lee Palmer, #95046, an inmate at your facility, has filed the following lawsuit in the United States District Court for the Northern District of Iowa: Palmer v. Devine, et al., Case No. C04-2011-EJM. The inmate was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $150.00 filing fee. Based on the prisoner account information, the court has assessed an initial partial filing fee of $5.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as required under the statute.

*/s/ James D. Hodges, Jr.*
James D. Hodges, Jr.
U.S. District Court Clerk
Northern District of Iowa